IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERNARD MOSLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2804-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter comes before the Court on Petitioner Bernard Mosley's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

On April 26, 2022, the undersigned sentenced Petitioner to a 84-month term of imprisonment, to be followed by a two-year term of supervised release in *United States v. Mosley*, SDIL Case No. 20-cr-30156, Doc. 65. Petitioner is currently pursuing an appeal of his sentence with the United States Court of Appeals for the Seventh Circuit. *See* 20-cr-30156, Docs. 71, 74; USCA Case No. 22-1843. Despite his pending appeal, Petitioner filed a 28 U.S.C. § 2255 motion on December 2, 2022 (Doc. 1). In his Motion, Petitioner seeks relief from his criminal sentence for reasons related to alleged coercion and other civil rights violations (Doc. 1, p. 15). Petitioner has also raised these issues in a pending civil rights action *See Mosley v. Blackburn, et. al.*, SDIL 22-cv-2078-SMY.

There is no jurisdictional bar to raising a 28 U.S.C. § 2255 motion while an appeal is pending. *See DeRango v. United States*, 864 F.2d 520, 522 (7th Cir. 1988). However, some

Circuit Courts have reasoned that the interests of judicial economy may justify staying a 2255 proceeding during the pendency of a direct appeal. *See e.g.*, *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006) ("To the extent that resolution of the … direct appeal directly implicated issues contained in the § 2255 motion … a district court could exercise its discretion to stay the § 2255 motion); *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) ("[T]here is no *jurisdictional* bar to a district court's adjudication of a 28 U.S.C. § 2255 motion during the pendency of a direct appeal.  Any concern over such a practice is one of judicial economy and the concern that the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity.") (emphasis in original) (internal citations omitted).

Because Petitioner's direct appeal of his criminal sentence may deal directly with his current 28 U.S.C. § 2255 motion, the Court believes it is in the best interest of the Petitioner and judicial economy to stay this matter.  However, before imposing a stay, the Court will provide Petitioner and the Government an opportunity to file any objections. Objections, if any, may be filed by **December 28, 2022**.  If no objection is received, this Court will stay this matter until such time as the United States Court of Appeals for the Seventh Circuit rules on Petitioner's pending criminal appeal in USCA Case No. 22-1843.

**SO ORDERED.**

Dated:  December 6, 2022

_____
DAVID W. DUGAN
United States District Judge