IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERNARD MOSLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2804-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On December 2, 2022, Petitioner Bernard Mosley filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). However, because Petitioner was also pursuing a direct appeal of his criminal sentence, on December 29, 2022, the Court stayed this matter in its entirety (Doc. 3). On April 14, 2023, the Court received the Seventh Circuit's Mandate dismissing Petitioner's criminal appeal. *See United States v. Mosley*, SDIL No. 20-30156-DWD, at Doc. 87. Now that Petitioner's direct appeal has been resolved, the Court's prior concerns of judicial economy no longer support the current stay of proceedings. Accordingly, the current stay of proceedings is **VACATED**.

With the stay vacated, Petitioner's 28 U.S.C. § 2255 Motion (Doc. 1) is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing § 2255 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." For the reasons more fully detailed below, the Court finds it appropriate to direct Petitioner to file an Amended Motion.

## Discussion

In October 2021, a one-count indictment charged Petitioner with unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Mosley*, SDIL No. 20-30156-DWD, at Doc. 1. Petitioner entered a plea of guilty on February 22, 2022. *Id.* at Doc. 53. On April 26, 2022, Petitioner was sentenced to a term of imprisonment of 84 months, to be followed by a 2-year term of supervised release. *Id.* at Docs. 65, 69.

Petitioner's § 2255 Motion is brief, stating only that he believes his criminal sentence should be vacated and his case dismissed because of issues raised in his ongoing civil lawsuit in SDIL No. 22-02078-SMY, which he states caused him to be "coerced on a lot of things" in his criminal case (Doc. 1, p. 15). A review of the docket in Petitioner's civil case reveals that he is pursuing claims under 42 U.S.C. § 1983 for excessive force, denial of medical care, and property deprivation related to his arrest on August 4, 2020. *See Mosley v. Blackburn, et al.*, SDIL No. 22-2078-SMY, Docs. 1, 13. As alleged in his civil complaint, Plaintiff was arrested in the morning of August 4, 2020 on a parole violation warrant issued in St. Clair County, Illinois Circuit Court Case No. 15-CF-513. *Id.* at Doc. 1. During his arrest, officers found a handgun on Petitioner's person. *See Id.* at Docs 1, p. 11, ¶ 2. Petitioner's possession of this handgun on August 4, 2020, led to his criminal

indictment and sentence at issue in this matter. *See United States v. Mosley*, SDIL No. 20-30156-DWD, at Docs. 1, 56.

Construing the statements in Petitioner's Motion and the various pleadings filed in both Petitioner's criminal case (SDIL No. 20-30156-DWD) and civil case (Case No. 22-02078-SMY), the Court infers that Petitioner is seeking to raise a challenge to either his criminal indictment, plea hearing, or some other alleged issue with his criminal proceedings or appointed counsel. However, the Motion contains no further details or facts to assist the Court in gleaning Petitioner's intent. Accordingly, the Motion is insufficiently pled such that the Court cannot conduct the necessary screening under Rule 4.

Thus, for clarity purposes and to ensure the Motion covers all grounds for relief, the Court **DIRECTS** Petitioner to file an Amended § 2255 Motion to include all claims he wishes the Court to consider. Petitioner **SHALL** file his Amended Motion by **May 22, 2023**. **A failure to timely file an Amended Motion may result in the dismissal of this case for failure to comply with a Court Order.** *See* Fed. R. Civ. P. 41(b); *in accord* Rule 12 of the Federal Rules Governing § 2255 Cases in United States District Courts (applying the Federal Rules of Civil Procedure to proceedings under 28 U.S.C. § 2255). To assist with his Amended Motion, the Clerk of Court is **DIRECTED** to send Petitioner a blank § 2255 Motion.

Petitioner is further instructed to comply with Rule 2(b) of the Federal Rules Governing § 2255 Cases, which provides, in pertinent part, that the Motion must (1) specify all the grounds for relief available, (2) state the facts supporting each ground, and

(3) state the relief requested.  Petitioner is also reminded that the Court will not accept piecemeal filings and documents, or vague references to pleadings and events in unrelated cases.  Instead, Petitioner should include all relevant facts, arguments, and documents with his Amended Motion.

Finally, the Court observes that Petitioner also requested that Counsel be appointed on his behalf in these proceedings (Doc. 1, p. 16).  The Court will consider this request after Petitioner files his Amended Motion.

**SO ORDERED.**

Dated:  April 21, 2023   /s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge