IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERNARD MOSLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2804-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

**DUGAN, District Judge:**

On April 21, 2023, the Court directed Plaintiff to file an amended § 2255 Petition to include all claims he wished for the Court to consider in this matter (Doc. 8). The Court further warned Petitioner that the Court does not accept piecemeal filings and comments, or vague references to pleadings and events in unrelated cases (Doc. 8, at pp. 3-4). The Court received Petitioner's amended petition to vacate, set aside, or correct sentence on May 16, 2023 (Doc. 9). This amended petition is now before the Court for preliminary review.

Upon review of this amended petition, the Court observes that Petitioner again did not provide any details concerning his claims. Indeed, in the portion of the form where Petitioner was instructed to "state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States", Petitioner wrote "N/A" for all grounds (Doc. 9, pp. 4-9). Section 2255 permits prisoners to petition their sentencing court for relief from their sentence if the sentence "was

imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Further, as the Court previously instructed, Rule 2(b) of the Rules Governing Section 2255 Cases in District Court Proceedings requires 2255 Motions to, at minimum, specify all the grounds for relief available to the moving party, state the facts supporting each ground, and state the relief requested.

Here, Petitioner has not stated any specific grounds for relief or provided any supporting facts to assist the Court in gleaning Petitioner's potential claims. Accordingly, Petitioner's Amended Motion is deficient, and the Court cannot conduct its necessary review under Rule 4 of the Rules Governing Section 2255 Cases. Notwithstanding these deficiencies, the Motion also indicates that Petitioner has additional pages of argument he wanted to include with his Motion but was unable to include due to postage issues (Doc. 9, p. 12). Accordingly, as some pages of Petitioner's Motion may not have been received by the Court, and in an abundance of caution, the Court will permit Petitioner one last opportunity to further clarify his claims in support of his § 2255 Petition.

Petitioner is thus **DIRECTED** to file an Amended Motion by **June 26, 2023**. This Motion must comply with all directives in this Order and the Court's prior Order dated April 21, 2023 (Doc. 8). Importantly, the Motion must specify any and all grounds for relief that Petitioner believes support granting relief under 28 U.S.C. § 2255. It must also include all factual details necessary for the Court to evaluate his claims. **A failure to timely file an Amended Motion may result in the dismissal of this case for failure to**

**comply with a Court Order.**  *See* Fed. R. Civ. P. 41(b); *in accord* Rule 12 of the Federal Rules Governing § 2255 Cases in United States District Courts (applying the Federal Rules of Civil Procedure to proceedings under 28 U.S.C. § 2255).

    **SO ORDERED.**

Dated:  May 30, 2023

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge