IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERNARD MOSLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 22-cv-2804-DWD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER

**DUGAN, District Judge:**

On May 30, 2023, the Court directed Petitioner to file an amended § 2255 Petition to include all claims he wished for the Court to consider in this matter (Doc. 10). The Court has received Petitioner's Second Amended Motion (Doc. 11), and the motion is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing § 2255 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Discussion

In October 2021, a one-count indictment charged Petitioner with unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Mosley*, SDIL No. 20-30156-DWD, at Doc. 1. Petitioner entered a plea of guilty on February 22, 2022. *Id.* at Doc. 53. On April 26, 2022, Petitioner was sentenced to a term of

imprisonment of 84 months, to be followed by a 2-year term of supervised release. *Id.* at Docs. 65, 69.

Petitioner's Amended § 2255 Motion is brief, but the Court reviews the allegations broadly. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Petitioner broadly raises four reasons why he believes his "sentence was imposed in violation of the Constitution or laws of the United States." *See* 28 U.S.C. § 2255. First, he states he was physically coerced by officers at the time of his arrest. Second, he claims that he only agreed to plead guilty in his case because the Government agreed to a lesser sentence than the Court ultimately imposed. Third, Petitioner argues that his conviction should be dismissed because there was no evidence of a firearm found on his person, and that the alleged evidence used to enhance Petitioner's sentence was based on false witness testimony. Finally, Petitioner complains that his trial attorney, Timothy Smith Jr., did not raise these deficiencies to the Court or otherwise challenge these deficiencies, despite Petitioner asking him to.

In sum, Petitioner appears to complain that at least some of his participation in this case, including his guilty plea, was done unknowingly or otherwise resulted from undue persuasion, fraud, or coercion. These allegations, if true, may implicate Petitioner's due process rights or right to effective assistance of counsel. *See, e.g., Galbraith v. United States*, 313 F.3d 1001, 1005 (7th Cir. 2002). Accordingly, upon review of the Motion, but without commenting on the merits of the Motion, it does not plainly appear that Petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing Section 2255 Cases.

Therefore, the Government is **ORDERED** to file an answer, motion, or other response to the Amended Motion (Doc. 11) by **September 19, 2023**. "The answer must address the allegations in the motion. In addition, it must state whether [Petitioner] has used any other federal remedies, including any prior post-conviction motions . . . and whether [he] received an evidentiary hearing." *See* Rule 5 of the Rules Governing Section 2255 Cases. Petitioner will then have 30 days to submit a reply to the Government's answer or other pleading. If review of the briefs indicates an evidentiary hearing is warranted, the Court will set a hearing by separate notice.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. See Fed. R. Civ. P. 41(b).

**Petitioner's Request for Counsel**

Petitioner's Amended Motion also asks for the Court to appoint counsel on Petitioner's behalf.  There is no constitutional right to counsel in collateral proceedings under § 2255. *See Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011); *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992).  Instead, Rule 8(c) of the Rules Governing Section 2255 Proceedings only requires that counsel be appointed for indigent prisoners if an evidentiary hearing is required, and Petitioner qualifies for appointed counsel under 18 U.S.C. § 3006A. *See* Rule 8(c) of the Rules Governing Section 2255 Cases in the United

States District Courts. On the limited record available at this pre-briefing stage, the Court **FINDS** an evidentiary hearing is not yet warranted.

Further, the Court declines to otherwise exercise its discretion to appoint counsel at this stage. *See* 18 U.S.C. § 3006A(2). Five factors are considered when ruling on a request to appoint counsel: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983) (citing *Merritt v. Faulkner*, 697 F.2d 761, 764 (7th Cir. 1983)). Here, Petitioner's claims are colorable to the extent that they survived a Rule 4 preliminary review. However, Petitioner has not shown that the remaining factors have been met. Currently, Petitioner appears capable of presenting his case. Further, the Petition does not appear to require any complex investigation of facts that Petitioner would not be able to investigate. Finally, the Petition does not raise such complex legal issues at this time which would require the assistance of counsel. Accordingly, at this stage, Petitioner's request for counsel, is **DENIED without prejudice.**

**SO ORDERED.**

Dated: August 17, 2023

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge