IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BERNARD MOSLEY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2804-DWD |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner requests that this Court vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docs. 1, 11). The Government opposes that request. (Doc. 22). For the reasons explained below, Petitioner's request is **DENIED**.

### I.   BACKGROUND

Petitioner pled guilty to being a felon in possession of a firearm on February 22, 2022. *See U.S. v. Mosley*, No. 20-cr-30156-DWD, Docs. 53, 54 (S.D. Ill.). He was subsequently sentenced to 84 months imprisonment. *Id.*, Doc. 69. Petitioner appealed his conviction and sentence, which was dismissed by the Seventh Circuit on March 23, 2023. *U.S. v. Mosley*, No. 22-1843, 2023 WL 2610233 (7th Cir. 2023).

On December 2, 2022, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under § 2255. (Doc. 1). The Court initially stayed this case pending adjudication of Petitioner's appeal to the underlying criminal conviction and sentence. (Docs. 2, 3). After Petitioner's appeal was dismissed, the Court lifted the stay and directed Petitioner to file an amended motion under § 2255 specifying all grounds on which he believed

himself to be entitled to relief and all factual details necessary for the Court to evaluate his claims. (Doc. 10). Petitioner filed his Amended Motion to Vacate, Set Aside, or Correct Sentence under § 2255 on June 22, 2022. (Doc. 11).

This Court determined that Petitioner's Amended Motion broadly raised four reasons why he believes his conviction and sentence were unconstitutional. (Doc. 12). Petitioner first claimed that he was physically coerced by officers at the time of his arrest. Second, he claims that he only agreed to plead guilty because the Government agreed to a lesser sentence than what was ultimately imposed. Third, Petitioner argues that his conviction should be vacated because there was no evidence of a firearm found "on his person," and that the alleged evidence used to enhance his sentence was based on false witness testimony. Finally, Petitioner claims his trial attorney, Timothy Smith, Jr., was ineffective because he did not challenge any of those three issues with the Court. (Doc. 12, pg. 2). Finding that Petitioner's Amended Motion survived preliminary review, the Court directed the Government to respond. (Doc. 12).

On October 4, 2023, the Government filed a Motion for an Order Authorizing Defense Counsel to Provide a Written Response. (Doc. 16). The Government argued Petitioner's allegations concern communications between himself and his legal counsel, Mr. Timothy Smith, Jr. The Government further noted it does not know the content of those communications and, absent information from Mr. Smith, it could not respond to Petitioner's claims. The Government sought authorization for Mr. Smith to file an affidavit in response to the Amended Motion, including information usually protected by the attorney-client privilege. (Doc. 16). Given the nature of the Government's Motion,

the Court ordered Petitioner to file a Response, but he did not do so. (Docs. 17, 19). As a result, the Court found Petitioner waived the attorney-client privilege with respect to communications with Mr. Smith relating to the allegations in the Amended Motion. (Doc. 20). The Court granted the Government's Motion and authorized Mr. Smith to tender an affidavit in response to Petitioner's Amended Motion, limited to his communications about the allegations at issue. (Doc. 20).

The Government filed its Response in Opposition to Petitioner's Motion under § 2255 on November 20, 2023. (Doc. 22). It addressed Petitioner's claims in two separate categories. First, it argues that Petitioner's due process claims, that he was physically coerced by arresting officers, that he only pled guilty because the government agreed to recommend a lesser sentence than was ultimately imposed, and that his conviction and sentence lacked sufficient evidence, were barred. The Government avers that those issues were either already raised in his direct appeal, or they were otherwise procedurally defaulted because he did not raise them on appeal and waived such challenges as part of his plea agreement. Second, the Government argues that Petitioner's trial counsel, Mr. Smith, was not ineffective in failing to raise those issues with the Court at the time. (Doc. 22).

Having outlined the background of the case and the parties' arguments on Petitioner's alleged grounds for relief, the Court now resolves the Motion under § 2255.

## II.   ANALYSIS

Under § 2255(a), the Court will grant the "extraordinary remedy" of vacating, setting aside, or correcting Petitioner's sentence only if he demonstrates "the sentence

3

was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *Almonacid v. U.S.*, 476 F.3d 518, 521 (7th Cir. 2007). Notably, a hearing on such matters is not necessary when "the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *U.S. v. Taylor*, 605 F. Supp. 3d 1079, 1081 (N.D. Ill. 2022). The undersigned, as the District Judge who presided over Petitioner's underlying criminal case, "is uniquely suited to determine if a hearing is necessary." *See Taylor*, 605 F. Supp. 3d at 1081 (quoting *Rodriguez v. U.S.*, 286 F.3d 972, 987 (7th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (7th Cir. 2002) (cleaned up).

Petitioner argues that his sentence is unconstitutional based on two distinct types of claims. Petitioner first alleges violations of his right to due process. Specifically, he states that he was physically coerced by officers to confess at the time of his arrest, that he only agreed to plead guilty because the Government agreed to a lesser sentence than the Court ultimately imposed, and that the evidence was insufficient to support his conviction and sentence. Second, Petitioner alleges ineffective assistance of counsel due to his counsel's failure to raise the alleged due process issues with the Court. The Court will address these claims in turn.

### A. Petitioner's due process claims are procedurally barred.

To start, Petitioner's due process claims are barred because they were either procedurally defaulted or were already raised on direct appeal. Motions under § 2255 cannot raise three types of issues:

4

> (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford v. U.S.*, 975 F.2d 310, 313 (7th Cir. 1992).

Petitioner's claim that his plea was not knowing or voluntary because the arresting officers used excessive force and coerced his confession was already raised on direct appeal. The Seventh Circuit determined that Petitioner could not "raise a nonfrivolous challenge to the voluntariness of the plea." *U.S. v. Mosley*, No. 22-1843, 2023 WL 2610233, at *1 (7th Cir. 2023). In doing so, the appellate court reasoned that Mosley had confirmed to the trial court "that he signed the plea agreement of his own free will and that no one had threatened him" and that those sworn statements are presumed true. *Id.* (citing *U.S. v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016)). Accordingly, Petitioner's claim that his confession was coerced is barred.

Similarly, Petitioner's second claim that he only agreed to plead guilty because the Government agreed to recommend a lesser sentence than was ultimately imposed also challenges the voluntariness of his guilty plea. As such, it was already adjudicated in Petitioner's direct appeal. *Mosley*, 2023 WL 2610233, at *1 ("Mosley cannot raise a nonfrivolous challenge to the voluntariness of the plea."). That the appellate court did not make explicit reference to this particular basis for Petitioner's challenge that his plea was unknowing or unvoluntary is immaterial. The issue was either raised on direct

5

appeal and is barred because it has been adjudicated, or it was not raised in that appeal and is procedurally defaulted as a result.

Petitioner's final claim challenging the sufficiency of evidence supporting his conviction and sentence enhancement is procedurally defaulted for multiple reasons. First, by pleading guilty, Petitioner waived any argument concerning the sufficiency of the evidence. *See Grzegorczyk v. U.S.*, 997 F.3d 743, 747 (7th Cir. 2021) ("[A] valid guilty plea relinquishes any claim that would contradict the admissions necessarily made upon entry of a voluntary plea of guilty.") (citing *Class v. U.S.*, 583 U.S. 174, 182 (2018)). Petitioner also signed and affirmed as true the facts contained in the stipulation of facts between parties. *U.S. v. Mosley*, No. 20-cr-30156-DWD, Doc. 56 (S.D. Ill.). Further, Petitioner did not raise a sufficiency-of-the-evidence argument in his appeal. *Mosley*, 2023 WL 2610233; *see Sandoval v. U.S.*, 574 F.3d 847, 850 (7th Cir. 2009) (affirming that a claim cannot be raised for the first time in a section 2255 motion if it could have been raised at trial or on direct appeal). Likewise, Petitioner waived his claim that the evidence relied upon in determining his enhanced sentence included false testimony. At his sentencing hearing, Petitioner voluntarily withdrew his objection to the enhancement in the pre-sentence investigation report (PSR), and affirmed to the Court that the facts contained therein were true and accurate. *U.S. v. Mosley*, No. 20-cr-30156-DWD, Doc. 78, pgs. 3–4 (S.D. Ill.). Moreover, Petitioner again failed to raise this issue in his direct appeal.

Petitioner does not attempt to show cause for this default. Accordingly, he cannot raise this claim for the first time in a section 2255 motion.[1]

### B. Petitioner's counsel was not ineffective for failing to raise due process claims

In contrast to Petitioner's due process claims, claims for ineffective assistance of counsel are generally not subject to dismissal based upon procedural default. *Massaro v. U.S.*, 538 U.S. 500, 504 (2003). Criminal defendants are not obligated to raise ineffective assistance of counsel on direct appeal. *Id.* As such, the Court will address Petitioner's ineffective assistance claims on the merits.

As a substantive matter, the Sixth Amendment to the U.S. Constitution grants criminal defendants the right to the effective assistance of counsel. *Wyatt v. U.S.*, 574 F.3d 455, 457 (7th Cir. 2009) (citing *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009)). In adjudicating claims of ineffective assistance of counsel, district courts employ the two-prong *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Wyatt*, 574 F.3d at 457-58. For such a claim to prevail, Petitioner must prove his counsel's performance fell below an objective standard of reasonableness or, to put it another way, was "objectively deficient," and caused prejudice. *Wyatt*, 574 F.3d at 457-58; *Galbraith v. U.S.*, 313 F.3d 1001, 1008 (7th Cir. 2002). "Both components of the test must be satisfied; 'the

---

[1] While further analysis of Petitioner's waived or defaulted due process claims is not necessary, they are also precluded by the terms of his plea agreement. As part of that agreement, Petitioner agreed that "Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding, including the manned in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28 or any other provision of federal law." *U.S. v. Mosley*, No. 20-cr-30156-DWD, Doc. 54, pg. 9 (S.D. Ill.). Accordingly, Petitioner's due process claims are barred on the separate and distinct basis of this collateral attack waiver.

lack of either is fatal.'" *Clay v. U.S.*, 311 F. Supp. 3d 911, 918 (N.D. Ill. 2018) (quoting *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996)).

During this inquiry, it is presumed that Petitioner's counsel was "reasonably proficient." *Galbraith*, 313 F.3d at 1008 (citing *U.S. v. Godwin,* 202 F.3d 969, 973 (7th Cir. 2000)); *see also Wyatt*, 574 F.3d at 458 ("[A] movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' "); *Clay*, 311 F. Supp. 3d at 919 ("The central question in this analysis is not whether counsel's conduct deviated from best practices or most common custom, but instead, whether an attorney's representation amounted to incompetence under prevailing professional norms.") (cleaned up). Furthermore, on the question of prejudice, Petitioner must prove there was a reasonable probability that, absent counsel's objectively unreasonable or deficient performance, he would have insisted on proceeding to trial rather than plead guilty. *See Wyatt*, 574 F.3d at 458 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *Galbraith*, 313 F.3d at 1008 (citing *Tezak v. U.S.,* 256 F.3d 702, 712 (7th Cir. 2001); *U.S. v. Jordan,* 870 F.2d 1310, 1318 (7th Cir.1989)). In this context, a "reasonable probability" is a probability that sufficiently undermines confidence in the outcome of the proceedings, and it is not enough for Petitioner to identify errors that merely "had some conceivable effect on the outcome" of those proceedings. *Clay*, 311 F. Supp. 3d at 919 (quoting *Strickland*, 466 U.S. at 693-94; citing *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002)).

Petitioner argues that Mr. Smith was deficient in representing him because he failed to raise the issues detailed in Petitioner's due process claims. First, Petitioner states

that his counsel was ineffective for not challenging the alleged excessive force used to arrest and coerce him into making incriminating statements. However, Petitioner's trial counsel was correct not to raise the coercion claim because Petitioner did not make any statements at the time of his arrest. Petitioner's argument seemingly boils down to the claim that his statements confessing to possession of a firearm were not given voluntarily.

A confession is voluntary if in light of the totality of circumstances, it was "not secured through intimidation and instead was the product of rational intellect and free will." *U.S. v. Sablotny*, 21 F.3d 747, 750 (7th Cir. 1994). Circumstances courts will consider include whether a defendant was read *Miranda* rights, the defendant's age, the length and nature of the questioning, and whether the defendant was punished physically. *Id.*

Here, these factors weigh in favor of finding that Petitioner's statements at issue were voluntary. On the day of his arrest, Petitioner was taken into custody around 7:10 AM. After being treated for injuries at the hospital, Petitioner was taken to the police station for custodial interview. That recorded interview commenced at 10:55 AM and was conducted by different officers than those who arrested him that morning. (Doc. 21-1) During the interview, Petitioner was provided water, was permitted to use the restroom, and no evidence suggests that he was threatened or harmed in any way. Further, Petitioner signed a written waiver of his *Miranda* rights at the outset of the interview. (Doc. 22-2).

In light of these facts, and in the absence of any challenge from Petitioner to the Government's supporting affidavit and exhibits, it is clear that Petitioner's statements in that interview were made voluntarily. Petitioner seems to confuse the alleged excessive

9

force used in arresting him with police coercion in obtaining a confession. But as the circumstances show, the statements in question were made hours after his arrest, in a different location, to different officers, and after waiving his *Miranda* rights. As such, any attempt by Mr. Smith to suppress these statements based on an excessive force claim would have been frivolous, so he was reasonable in not doing so. Therefore, this theory of Petitioner's ineffective assistance claim fails the first prong of the *Strickland* analysis.

Next, Petitioner argues that Mr. Smith was ineffective for failing to challenge his guilty plea on the basis that he only agreed to plead guilty because the Government agreed to recommend a lesser sentence than what was ultimately imposed. Petitioner's Amended Petition (Doc. 11) implies that he was not aware that the Court was not bound by the plea agreement, which made his guilty plea unintelligent or unknowing. But the record clearly demonstrates that was not the case.

At his plea hearing in the underlying criminal matter, Petitioner affirmed under oath that he understood that the Court was not bound by the plea agreement or the prosecution's sentencing recommendations. In fact, the Court clearly explained this fact at least three times, and each time Petitioner indicated that he understood. *U.S. v. Mosley*, No. 20-cr-30156-DWD, Doc. 77, pgs. 9, 15, 17 (S.D. Ill.). With this in mind, any challenge made by Mr. Smith claiming that Petitioner's guilty plea was unknowing or unintelligent would have been frivolous given Petitioner's clear and sworn statements to the contrary at his plea hearing. Thus, Petitioner's counsel was not ineffective in failing to make such a challenge.

Last, Petitioner argues that Mr. Smith was ineffective for failing to challenge the sufficiency of the evidence supporting his conviction and sentence. Regarding his conviction, Petitioner asserts that there was no evidence of a firearm being "found on his person." (Doc. 12). But the statute under which Petitioner was being charged does not require evidence of actual possession for a conviction. *See* 28 U.S.C. § 922(g); *U.S. v. Perryman*, 20 F.4th 1127, 1135 (7th Cir. 2021).

There was overwhelming evidence of Petitioner's actual and constructive possession of the firearm. Foremost, by unconditionally pleading guilty, Petitioner admitted that all elements of the offense were satisfied. He also signed a stipulation of facts admitting that he knowingly possessed a firearm, and again affirmed those facts at his plea hearing. *U.S. v. Mosley*, No. 20-cr-30156-DWD, Doc. 77, pg. 11 (S.D. Ill.). Those facts included that the firearm in question was found on the mattress that Petitioner was sleeping on when he was arrested. Also, in addition to admitting he possessed the firearm in his interview, an eyewitness told investigators that he had seen Petitioner with the gun, and Petitioner was in possession of ammunition in the caliber of the firearm in question. *U.S. v. Mosley*, No. 20-cr-30156-DWD, Doc. 56 (S.D. Ill.). Given this deluge of evidence demonstrating Petitioner's possession of the firearm, it was not unreasonable for Petitioner's counsel to not challenge the sufficiency of the evidence for conviction.

Petitioner further states that his counsel should have challenged the sufficiency of the evidence supporting his four-level sentencing enhancement. The enhancement was given because Petitioner used the firearm "in connection with another felony offense." (Doc. 21-1, pgs. 6–7). Petitioner did, in fact, object to the four-level sentencing

enhancement. However, at the sentencing hearing, Petitioner informed the Court that he agreed to withdraw the objection in exchange for the Government's agreement to recommend a sixty-month sentence. In withdrawing his objection, Petitioner affirmed under oath that everything in the PSR was "true and accurate." *U.S. v. Mosley*, No. 20-cr-30156-DWD, Doc. 78, pg. 4 (S.D. Ill.). Petitioner's counsel reasonably concluded that this agreement was worth the risk as a sixty-month sentence was at the low end of the applicable sentencing guideline. In his affidavit, Petitioner's counsel states that advising Petitioner to withdraw his objection was a strategic calculation. (Doc. 22-4, pgs. 1–2); *see U.S. v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005) (providing that ineffective counsel claim cannot be supported if counsel articulates a sound strategic reason for the decision).

As such, it was not unreasonable for Petitioner's counsel to advise Petitioner to withdraw his objection to the four-level sentencing enhancement. Therefore, Plaintiff's final theory of an ineffective assistance claim also fails.

For the reasons provided *supra*, Petitioner has failed to demonstrate that any action, or lack thereof, taken by his trial counsel constituted ineffective assistance such that his rights under the Sixth Amendment were impinged.

### III.  CONCLUSION

For the reasons explained above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under § 2255 is **DENIED** without a hearing. *See* 28 U.S.C. § 2255(b); *Taylor*, 605 F. Supp. 3d at 1081; *U.S. v. Martin*, 549 F. Supp. 3d 767, 773 (N.D. Ill. 2021). The case is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

Rule 11(a) of the Rules Governing § 2255 Cases in the United States District Courts requires the issuance or denial of a certificate of appealability when a final order is entered against an applicant like Petitioner. Such a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *U.S. v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004); citing *Arredondo v. Huibregtse,* 542 F.3d 1155, 1165 (7th Cir.2008)); *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court **FINDS** Petitioner's alleged grounds for relief lack merit, and reasonable jurists would not find that conclusion debatable or wrong. Therefore, since Petitioner has not made a "substantial showing of the denial of a constitutional right," the Court **DECLINES** to issue a certificate of appealability.

**SO ORDERED.**

Dated: November 10, 2025

DAVID W. DUGAN
United States District Judge